WILLIAM F. TUCKERMAN *vs.* WILLIAM J. FLOYD.

A., owning half of a machine, bought the other half from B., and gave a note for the purchase thereof, in which he promised to pay $200 in six months or forfeit the half which he had bought. In an action on the note, it appeared that A. refused to pay the money when due, and gave B. a bill of sale of half of the machine, but refused to let B. have or see the machine. *Held,* that B. could maintain the action.

CONTRACT on the following note written and signed by the defendant: " February 1, 1869. For value received, I promise to pay William F. Tuckerman, or order, the sum of $200 in six months from date, or forfeit one half the machine that I have bought of him." Trial in the superior court, before *Brigham,* C. J., who, after a verdict for the defendant, allowed this bill of exceptions :

" After the note was given, the defendant was the sole and exclusive owner of the machine, the defendant having, some time before giving the note, bought the other half of the machine from the plaintiff. The plaintiff's testimony tended to prove that on Monday, August 2, 1869, he called upon the defendant to pay the note declared on, and the defendant refused to pay the same ,

that two or three days afterwards the defendant gave the plaintiff a bill of sale of one half of the machine, refusing to pay the $200, which bill of sale the plaintiff took into his possession, and still had; that at the time when the plaintiff took the bill of sale he said he would see the defendant in a day or two, and in a day or two afterwards saw the defendant, presented the note and asked for the machine; that the defendant refused to let the plaintiff see or know where the machine was, or have the machine, and the plaintiff never saw or knew where the machine was, from that time to the time of the trial; that the defendant never gave the plaintiff under the bill of sale any delivery of the one half of the machine, other than by delivery of the bill of sale; and that the plaintiff refused to give up the note when the defendant refused to give him delivery of the one half of the machine.

" The plaintiff contended that, to constitute the forfeit contemplated by the note, there ought to have been a delivery, other than the delivery of the bill of sale, symbolic or actual, of the one half of the machine; but the judge instructed the jury that if the defendant, being the owner of the other half of the machine referred to in the note, after or before the note became due, offered to the plaintiff a bill of sale and the plaintiff agreed to give such note up to the defendant, the defendant thereby forfeited one half of the machine to the plaintiff, although there was no actual or symbolical delivery of such machine, or any part of it, to the plaintiff, and although the defendant then refused, and still refused, to deliver the same to the plaintiff, or to allow him to see it; to which ruling the plaintiff excepted."

*B. C. Moulton*, for the plaintiff.

*C. F. Williams*, for the defendant. Each tenant in common of a chattel has the right of possession. The defendant could not have made an actual delivery without sacrificing this right, which he was not bound to do. By the defendant's giving and the plaintiff's retaining the bill of sale, the title to half of the machine vested in the plaintiff. It is immaterial that the defendant refused to allow the plaintiff to see the machine. *Parsons* v. *Dickinson*, 11 Pick. 352. *Barnes* v. *Bartlett*, 15 Pick. 71, 75. *Weld* v. *Oliver*, 21 Pick. 559.

AMES, J.   The alternative allowed to the defendant, to pay the agreed price or to forfeit what he had purchased, was not fully complied with by merely giving a bill of sale of one half of the machine.   If the parties had only contemplated a literal forfeiture in case of nonpayment, the defendant's title would have terminated by operation of law, and there would have been no occasion for a bill of sale, or any formal reconveyance.   But it appears to us that the alternative was really intended for the benefit of the defendant, by giving him the option to pay the money or to return the property   If his final determination should be not to pay the money, he was bound to make an effective return of the property, such as would replace the plaintiff in his former position in relation to it.   As the effect of that determination would be that the joint ownership should continue, it may well be that a formal redelivery of the chattel would not be necessary, but it should at least appear that the reconveyance would restore the plaintiff to the same title in it that he had previously enjoyed.   The facts as reported do not make it certain that the defendant had not disabled himself, by his own act, from returning the property to its former condition of ownership, and thereby lost the benefit of the option allowed by the contract. Until the end of the six months he had the right to dispose of the machine as he pleased.   He may have removed it to some distant part of the country ; he may have sold it to a third person, or mortgaged it to a creditor; he may have injured it by careless use, or damaged it by alterations or attempts at improvement; in any of which cases, the bill of sale would be ineffectual to replace the plaintiff *in statu quo*.   The plaintiff, without some assurance upon this point, was under no obligation to give up the note, and it cannot be said that the facts reported amount to such an acceptance of the bill of sale as to relieve the defendant of his liability.   In the instructions to the jury these considerations appear to have been overlooked, and therefore the

*Exceptions are sustained.*